# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3662

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Rocky Joseph Gendron, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2011
Filed: April 19, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Rocky Gendron pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of "cocaine base (crack cocaine)" in violation of 21 U.S.C. §§ 841(a)(1), 846. The district court[1] sentenced him to 120 months in prison and 5 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967). Gendron has filed two supplemental briefs.

_____

[1]The Honorable Catherine D. Perry, Chief Judge of the United States District Court for the Eastern District of Missouri.

The plea agreement in this case contains a waiver of Gendron's right to appeal all nonjurisdictional and sentencing issues, except those relating to his criminal history and career offender status. We will enforce the appeal waiver: the transcript of Gendron's plea hearing shows that he entered into both the plea agreement and the appeal waiver knowingly and voluntarily; the arguments raised on appeal fall within the scope of the waiver; and we cannot see any miscarriage of justice that would result from enforcing the waiver in these circumstances, especially because Gendron received the statutory minimum sentence. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

Finally, having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues outside the scope of the waiver. Accordingly we grant counsel's motion to withdraw, and we dismiss this appeal, on the condition that counsel inform Gendron about procedures for seeking rehearing or filing a petition for a writ of certiorari.

_____